## Moore *v.* Russo, Appellant.

*Contract—Pleading—Variance.*

Where suit is brought on a building contract with specifications attached thereto, and at the trial the defendant introduces in evidence another and later dated contract with specifications attached, and the plaintiff testifies that certain alterations on the face of the second contract were made after he had signed it, and that the specifications were not attached to it when he signed it, and that he never saw them until years afterwards, the case is for the jury on the disputed questions of fact, and a verdict in the plaintiff's favor excuses him from amending his statement so as to declare upon the contract in its altered form, and the disputed specifications attached thereto.

Argued April 12, 1912.   Appeal, No. 53, April T., 1912, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1906, No. 1,183, on verdict for plaintiff in case of John F. Moore v. Frank Russo.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a building contract.   Before FRAZER, P. J. The opinion of the Superior Court states the case.

The defendant presented the following points:

1. There being a material variance between the allegata and probata the verdict should be for the defendant. *Answer:* Refused. [1]

2. That under all the evidence and pleadings in the case, the verdict should be for the defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $648.50.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Leonard S. Levin,* for appellant, cited: Stump v. Hutchinson, 11 Pa. 533; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Friedman v. Urmann, 28 Pa. Superior Ct. 440; Leh v. Del., Lack. & Western R. R. Co., 30 Pa. Superior Ct. 396; Hale v. Hale, 32 Pa. Superior Ct. 37; Keller v. R. R. Co., 45 Pa. Superior Ct. 383; Nat. Bank v. Lake Erie Asphalt Block Co., 233 Pa. 421.

*Levi Bird Duff,* with him, *L. B. D. Reese,* for appellee, cited: Athens Car & Coach Co. v. Elsbree, 19 Pa. Superior Ct. 618; Genesee Paper Co. v. Bogert, 23 Pa. Superior Ct. 23.

OPINION BY RICE, P. J., July 18, 1912:

In his amended statement of claim, upon which the case went to trial, the plaintiff demanded the contract price ($960) of remodeling defendant's house, and the value ($297) of extra work and materials done and furnished at defendant's request, less payments ($650) admitted to have been made. The statement averred that on May 25 the plaintiff gave the defendant a written proposition agreeing to remodel defendant's house "according to specifications for the sum of $960," and that on or about May 31 defendant accepted the proposition verbally and directed the plaintiff to proceed with the work according to the specifications, which the latter did to completion. There were

attached to the statement a copy of the proposition and of the specifications alleged to have been submitted at the same time. On the trial the plaintiff testified to the making and acceptance of the proposition and the doing of the work in accordance with the specifications, and put in evidence both papers. On cross-examination of the plaintiff, defendant produced and exhibited to him a written contract purporting to be signed by him and the defendant, dated May 31, whereby the plaintiff undertook to remodel the house, agreeably to the drawings and specifications, for $960. This contract contained much other matter, but as to the general scope of the work to be done, namely, the remodeling of the house and the price, it did not differ from the contract averred in the statement of claim. The plaintiff admitted, on cross-examination, that he signed the paper, but asserted that it had been altered, after he signed it, by crossing out the word "architect" wherever it appeared, and inserting in its place the word "owner." These alterations were apparent on inspection. After the plaintiff had rested, and motion for compulsory nonsuit had been overruled, the defendant offered in evidence the paper of May 31 and also certain typewritten specifications pinned thereto, which he testified were so attached at the time the contract was executed. He made no explanation of the alterations, except to say that he had made no changes in the contract and did not know that anyone else had. The papers were admitted over the plaintiff's objection. In his redirect examination, when called in chief, as well as in his direct examination, when called in rebuttal, the plaintiff testified that the specifications attached to the paper of May 31 were not so attached at the time of its execution, that he never saw them until three or four years afterwards, that they were not the specifications agreed upon, and that the specifications agreed upon were those which were submitted with his proposition of May 25.

This outline of the pleadings and proof is not intended to exhibit the merits of the case as disclosed on the trial.

These have been disposed of by the jury upon considera-
tion of all the evidence the parties saw fit to produce, and
under a charge to which no exception was taken. The
verdict is fully sustained by the evidence. The sole ques-
tion for our determination is, whether binding direction
should have been given for the defendant on the ground of
variance. The case differs in essential features from any
of the cases upon that subject cited by appellant's counsel.
It is not a case where a plaintiff seeks to recover, according
to his statement of claim, upon one contract, while rely-
ing, before the court and jury, upon another. It is rather
a case where there was a dispute as to what the contract
was—a dispute depending for its decision upon conflicting
oral testimony, which, therefore, it was not the province of
the court to decide. If the contract and specifications set
up by the defendant admittedly comprehended the whole
agreement under which all the work and material sued
for were done and furnished, it might be argued with
much plausibility that the plaintiff could not recover
without amending his statement of claim so as to declare
upon them. But, as has been shown, they did not ad-
mittedly comprehend the whole agreement. There were
two serious disputes regarding them. In the first place,
the body of the contract upon which the defendant relied
showed on its face material alterations, which, as the con-
tract was in his custody and was produced by him, it was
incumbent on him to explain, in order to entitle him to its
admission in evidence. And even if it be conceded that
what he testified in that regard was sufficient to warrant
admitting the paper in evidence, it could not be declared
by the court as rendering nugatory and of no importance
the plaintiff's testimony that the body of the instrument
had been altered after he had signed it. Secondly, there
was a most serious conflict of evidence as to the specifi-
cations attached to the paper offered by the defendant as
part of the contract. Much of the controversy as to the
extras depended upon the determination of this dispute.
Upon both of these matters an issue of fact was raised,

which, if decided in the plaintiff's favor, certainly excused him from amending his statement so as to declare upon the instrument in its altered form, and the disputed specifications attached thereto. It is not incumbent on us to decide, as the case is presented, whether the jury's determination of both issues of fact above referred to in the defendant's favor would entitle the latter to a verdict. It is sufficient to say that it was not a case calling for binding instructions.

In conclusion, we remark that the irregularity in the pleadings, if any, did not result in any surprise to the defendant or hamper him in the presentation of his defense to give an undue advantage to the plaintiff. Both parties had a fair trial on the merits, and we see no sufficient technical ground for disturbing the verdict and judgment.

The assignments of error are overruled and the judgment is affirmed.